1  BALDWIN J. LEE (BAR NO. 187413)
   ANNETTE M. RITTMULLER (BAR NO. 211882)
2  ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
3  Three Embarcadero Center, 12th Floor
   San Francisco, CA  94111-4074
4  Phone: (415) 837-1515
   Fax:  (415) 837-1516
5  E-Mail:  blee@allenmatkins.com
            arittmuller@allenmatkins.com
6
   Attorneys for Defendants
7  WELLS FARGO INSURANCE SERVICES USA, INC., H.
   DAVID WOOD, BRIAN M. HETHERINGTON, SAMUEL
8  L. JONES III, MARK W. STOKES, and PAMELA
   HENDRICKS
9

10            UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12          SAN FRANCISCO/OAKLAND DIVISION

13  STEVEN H. SEDELL,                    Case No. 10          4043

14          Plaintiff,                   DEFENDANT WELLS FARGO INSURANCE
                                         SERVICES USA, INC.'S NOTICE OF
15     vs.                               REMOVAL

16  WELLS FARGO OF CALIFORNIA
    INSURANCE SERVICES, INC., a California   [San Francisco County Superior Court Case No.
17  Corporation, ACORDIA OF CALIFORNIA       CGC 10 500910]
    INSURANCE SERVICES, INC., a California
18  Corporation, DAVID J. ZUERCHER, an
    individual, H. DAVID WOOD, an individual,
19  BRIAN M. HETHERINGTON, an individual,
    SAMUEL L. JONES III, MARK W. STOKES,
20  an individual, PAMELA HENDRICKS, an
    individual, and DOES 1-100, inclusive,
21
            Defendants.
22

23       TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

24  THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF STEVEN H. SEDELL AND HIS

25  ATTORNEY OF RECORD:

26       PLEASE TAKE NOTICE that Defendant Wells Fargo Insurance Services USA, Inc.

27  ("Wells Fargo") hereby removes this action from the Superior Court of the State of California for

28  the County of San Francisco to the United States District Court for the Northern District of

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

792660.02/SF

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441(b)

1 │ California.  This removal is based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331

2 │ and 1441(b), for the reasons stated below:

3 │      1.    On June 22, 2010, Plaintiff Steven H. Sedell ("Plaintiff") filed a complaint in the

4 │ Superior Court of the State of California in and for the County of San Francisco ("the Superior

5 │ Court"), entitled "Steven H. Sedell, Plaintiff v. Wells Fargo of California Insurance Services, Inc.,

6 │ a California Corporation, Acordia of California Insurance Services, Inc., a California Corporation,

7 │ David J. Zuercher, an individual, H. David Wood, an individual, Brian M. Hetherington, an

8 │ individual, Samuel L. Jones III, an individual, Mark W. Stokes, an individual, Pamela Hendricks,

9 │ an individual, and DOES 1-100, inclusive, Defendants" designated as case number CGC-10-

10 │ 500910 ("Complaint").  A copy of all process, pleadings, and orders served on Defendants in

11 │ Superior Court case number CGC-10-500910 is attached hereto as Exhibit A.

12 │      2.    The first date upon which any of the defendants were served with Plaintiff's

13 │ Summons and Complaint was August 10, 2010.  Defendants Wells Fargo, H. David Wood, Brian

14 │ M. Hetherington, Samuel L. Jones III, Mark W. Stokes, and Pamela Hendricks accepted service,

15 │ through their counsel, of the Summons and Complaint effective August 10, 2010.  Copies of the

16 │ Notices and Acknowledgement of Receipt are attached hereto as Exhibit B.

17 │      4.    Defendants H. David Wood, Brian M. Hetherington, Samuel L. Jones III, Mark W.

18 │ Stokes, and Pamela Hendricks consent to removal.

19 │      5.    The remaining named defendants, Acordia of California Insurance Services, Inc.

20 │ and David J. Zuercher, to Defendants' knowledge, have not been served with Plaintiff's Summons

21 │ and Complaint.  Defendant Wells Fargo, erroneously originally identified as Wells Fargo of

22 │ California Insurance Services, Inc., was properly identified in Plaintiff's Amendment to Complaint

23 │ for Damages to Substitute True Name for Doe Defendant 1.  "Wells Fargo of California Insurance

24 │ Services, Inc.," to Defendant's knowledge, has not separately been served.  Defendants DOES 2

25 │ through 50 are unnamed and unknown, and, therefore, to Defendants' knowledge, have not been

26 │ served with Plaintiff's Summons and Complaint.

27 │      6.    In accordance with 28 U.S.C. section 1446(d), Defendant will, promptly after filing

28 │ this Notice of Removal, give written notice of the Notice of Removal to the adverse party and will

LAW OFFICES
Ilen Matkins Leck Gamble
Mallory & Natsis LLP

1   file a copy of this Notice of Removal with the Clerk of the Court of the Superior Court of the State

2   of California for the County of San Francisco. A copy of the Notice to Superior Court and

3   Adverse Party of Removal to Federal Court is attached hereto as Exhibit C (without attachments).

4   Proof of service of the Notice to Superior Court and Adverse Party of Removal to Federal Court

5   will be filed with this Court promptly after the Superior Court filing is accomplished.

6

**I.**

7

**REMOVAL IS BASED ON FEDERAL QUESTION JURISDICTION**

8       7.   Jurisdiction: This is a civil action over which this Court has original jurisdiction

9   under 28 U.S.C. Section 1331. This Action is one which may be removed to this Court pursuant

10   to the provisions of 28 U.S.C. Section 1441(b) in that it is a civil action founded on a claim or

11   right arising under the laws of the United States. In particular, the Complaint alleges violation of

12   the federal laws Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Age

13   Discrimination in Employment Act of 1967, 29 U.S.C. § 621e *et seq.. See* Ex. A, Compl., pp. 26-

14   27. Further, because the U.S. District Court for the Northern District of California has original

15   jurisdiction over this lawsuit pursuant to 28 U.S.C. Section 1331, this action may be removed in

16   its entirety pursuant to 28 U.S.C. Section 1441(a), (b), and (c). In addition, this Court has

17   supplemental jurisdiction over all state claims that are so related to the claims within the Court's

18   original jurisdiction that they form part of the same case or controversy, pursuant to 28 U.S.C.

19   Section 1367(a).

20

**II.**

21

**INTRADISTRICT ASSIGNMENT**

22       8.   Intradistrict Assignment: Assignment to the San Francisco or Oakland divisions is

23   proper because the state action filed by Plaintiff is pending in the Superior Court of the County of

24   San Francisco. 28 U.S.C. § 1446(a); Northern District L.R. 3-2(d).

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

792660.02/SF

-3-

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441(b)

1    WHEREFORE, Wells Fargo removes the above-entitled action now pending in the

2    Superior Court of the State of California for the County of San Francisco to this Court.

3

4

     Dated: September 9, 2010                    ALLEN MATKINS LECK GAMBLE
5                                                   MALLORY & NATSIS LLP

6
                                                 By:  _____
7                                                     BALDWIN L LEE
                                                     Attorneys for Defendants Wells Fargo
8                                                    Insurance Services USA, Inc., H. David
                                                     Wood, Brian M. Hetherington, Samuel L.
9                                                    Jones III, Mark W. Stokes, and Pamela
                                                     Hendricks
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
llen Matkins Leck Gamble
Mallory & Natsis LLP

792660.02/SF                          -4-

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. SECTION 1441(b)

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO OF CALIFORNIA INSURANCE SERVICES, INC.,
a California Corporation, (see attached for additional Defendants)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEVEN H. SEDELL, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**C G C · 1 0 · 5 0 0 9 1 0** |
|---|---|

Superior Court of California, County of San Francisco, Civil Division
400 McAllister Street, San Francisco, California 94102-4514

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Steven D. Zavodnick, Esq., 900 East Hamilton Avenue, Suite 100, Campbell, California 95008

| DATE:<br>*(Fecha)* | **JUN 22 2010** | CLERK OF THE COURT Clerk, by<br>*(Secretario)* | **P. NATT** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHED LIST OF DEFENDANTS

ACORDIA OF CALIFORNIA INSURANCE SERVICES, INC., a California Corporation, DAVID J. ZUERCHER, an individual, H. DAVID WOOD, an individual, BRIAN M. HETHERINGTON, an individual, SAMUEL L. JONES III, an individual, MARK W. STOKES, an individual, PAMELA HENDRICKS, an individual, and DOES 1 THROUGH 100, inclusive,

1    Steven D. Zavodnick, Esq., (CA State Bar No. 135419)
     900 East Hamilton Avenue, Suite 100
2    Campbell, California 95008
     Mailing Address:
3    P.O. Box 33247
     Los Gatos, California 95031-3247
4    Telephone: (408) 399-3100
5    Fax: (408) 356-7178

6    Attorney for Plaintiff
7    STEVEN H. SEDELL

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN 2 2 2010

CLERK OF THE COURT
BY: _____ PARAM NATT
               Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| STEVEN H. SEDELL, an individual, | Case No: **CGC-10-500910** |
| Plaintiff | **COMPLAINT FOR DAMAGES** |
| vs. | |
| WELLS FARGO OF CALIFORNIA INSURANCE SERVICES, INC., a California Corporation, ACORDIA OF CALIFORNIA INSURANCE SERVICES, INC., a California Corporation, DAVID J. ZUERCHER, an individual, H. DAVID WOOD, an individual, BRIAN M. HETHERINGTON, an individual, SAMUEL L. JONES III, an individual, MARK W. STOKES, an individual, PAMELA HENDRICKS, an individual, and DOES 1 THROUGH 100, inclusive, | **CASE MANAGEMENT CONFERENCE SET** NOV 1 9 2010   9ᵃᵐ AM DEPARTMENT 212 |
| Defendants. | |

1

Plaintiff, STEVEN H. SEDELL, complains of Defendants, and each of them, as follows:

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

1.      Plaintiff, STEVEN H. SEDELL (hereinafter referred to as "Plaintiff", or "SEDELL"), is, and at all times herein mentioned was, an individual residing in the County of Alameda, State of California.

2.      Plaintiff is informed and believes, and thereby alleges, that at all times herein mentioned, Defendant, WELLS FARGO OF CALIFORNIA INSURANCE SERVICES, INC. (hereinafter referred to as "WELLS FARGO"), was and is a California corporation, authorized to do business and doing business in the County of San Francisco, State of California. WELLS FARGO is, and was at all times herein mentioned, an employer as defined in the California Labor Code.

3.      Plaintiff is informed and believes, and thereby alleges, that at all times herein mentioned, Defendant, ACORDIA OF CALIFORNIA INSURANCE SERVICES, INC. (hereinafter referred to as "ACORDIA"), was and is a California corporation, authorized to do business and doing business in the County of San Francisco, State of California, and a wholly owned subsidiary of Defendant WELLS FARGO. ACORDIA is, and was at all times herein mentioned, an employer as defined in the California Labor Code. WELLS FARGO and ACORDIA are collectively referred to as "WELLS FARGO".

4.      Plaintiff is informed and believes, and thereby alleges, that at all times herein mentioned, Defendant, DAVID J. ZUERCHER (hereinafter referred to as "ZUERCHER"), was and is an agent and management employee of Defendant WELLS FARGO, and was Chairman, President and Chief Executive Officer (CEO) of Defendant ACORDIA, and then when

2

ACORDIA changed its name to Wells Fargo of California Insurance Services, Inc., Wells

Fargo Insurance Services, Inc, until April 30, 2009.

     5.     Plaintiff is informed and believes, and thereby alleges, that at all times herein

mentioned, Defendant, H. DAVID WOOD (hereinafter referred to as "WOOD"), was and is an

agent and management employee of Defendant WELLS FARGO, and was Regional Managing

Director – West Region of Defendant ACORDIA, and then when ACORDIA changed its name

to Wells Fargo of California Insurance Services, Inc., WELLS FARGO, until December 31,

2008, after which time he was West Region Executive Vice President of WELLS FARGO until

the present.

     6.     Plaintiff is informed and believes, and thereby alleges, that at all times herein

mentioned, Defendant, BRIAN M. HETHERINGTON (hereinafter referred to as

"HETHERINGTON"), was and is an agent and management employee of Defendant WELLS

FARGO, and was Executive Vice President – Property and Casualty of Defendant WELLS

FARGO from October 1, 2007 to June 22, 2008, and Regional Managing Director of Property

Casualty Services – West of Defendant WELLS FARGO from June 23, 2008 to the present.

     7.     Plaintiff is informed and believes, and thereby alleges, that at all times herein

mentioned, Defendant, SAMUEL L. JONES III (hereinafter referred to as "JONES"), was and

is an agent and management employee of Defendant WELLS FARGO, and was Executive Vice

President – West Region of Defendant WELLS FARGO from October 1, 2007 until his

retirement on or about December 31, 2008.

     8.     Plaintiff is informed and believes, and thereby alleges, that at all times herein

mentioned, Defendant, MARK W. STOKES (hereinafter referred to as "STOKES"), was and is

1     an agent and management employee of Defendant WELLS FARGO, and was Regional

2     Managing Director of Defendant WELLS FARGO from April 1, 2008 to the present.

3         9.     Plaintiff is informed and believes, and thereby alleges, that at all times herein

4     mentioned, Defendant, PAMELA HENDRICKS (hereinafter referred to as "HENDRICKS"),

5

6     was and is an independent contractor providing human resource consulting services for

7     Defendant WELLS FARGO, and was involved in and discussed all of the transactions alleged

8     herein with Plaintiff. Defendant HENDRICKS was and is an agent of Defendant WELLS

9     FARGO at all times herein alleged.

10        10.     Plaintiff is unaware of the true names and capacities, whether individual,

11

12     corporate, or otherwise of Defendants sued herein as DOES 1 THROUGH 100, inclusive, and

13     therefore complains against these Defendants by such fictitious names. Plaintiff will seek leave

14     to amend this Complaint to allege their true names and capacities when same have been

15     ascertained. Plaintiff is informed and believes, and thereby alleges, that each of the fictitiously

16

17     named Defendants and each of them are responsible for the actions and damages herein

18     complained of.

19        11.     Plaintiff is informed and believes, and thereby alleges, that all times herein

20     mentioned, each of the Defendants was the agent, servant, employee and representatives of

21     each of the remaining Defendants and was acting within the course and scope of such agency

22     and with the consent of each of the other Defendants.

23        12.     Whenever any corporate Defendant is alleged to have done or omitted to do

24     anything, said allegation shall be deemed to mean and include an allegation that the corporation

25     did or omitted to do said acts through its agents, servants, employees and representatives,

26

27     including but not limited to, its officers, directors, and managing agents authorized and

28

1    approved said acts and omissions and ratified same.  Defendants will be referred to collectively

2    as "Defendants".

3            13.     The contracts alleged herein were entered into and/or were to be performed in

4    the County of San Francisco, State of California, and the acts and transactions herein alleged

5    took place in the County of San Francisco, State of California.

6

7            14.     Plaintiff is informed and believes, and thereby alleges, that Defendants' conduct

8    was despicable and subjected Plaintiff to cruel and unjust hardship in willful and conscious

9    disregard of the rights of Plaintiff.

10           15.     Plaintiff is informed and believes, and thereby alleges, that the acts of the

11   Defendants constituted fraud.

12

13           16.     Plaintiff is informed and believes, and thereby alleges, that Defendants WELLS

14   FARGO authorized and ratified the wrongful conduct for which damages are sought herein or

15   were personally guilty of oppression, fraud and malice through the actions of its officers,

16   directors, and managing agents, and that the officers, directors, and managing agents of the

17   corporate Defendant acted as set forth in Paragraphs 14 and 15 *supra*.

18

19           17.     On the basis of Defendants' oppression, fraud and malice toward Plaintiff as

20   alleged in Paragraphs 15 through 17 *supra* and following in the Complaint, Plaintiff is entitled

21   to punitive and exemplary damages.

22                              **FIRST CAUSE OF ACTION**

23   **(Double Damages [Civil Code Section 3333 and Labor Code Section 972], for Violations of
     Labor Code Section 970)**

24

25           18.     SEDELL incorporates by reference paragraphs 1 through 17, inclusive, of this

26   Complaint as if fully set forth herein.

27

28

                                          5

19.     SEDELL is informed and believes, and thereby alleges, that all times herein mentioned, the persons who made any or all representations to him as set forth in the Complaint, were agents and/or employees of Defendants.  SEDELL further alleges that and at the time of the making of the representations herein alleged and at all times herein mentioned, such persons were acting within the course and scope of their employment and authority for Defendants.

20.     Beginning in or about September, 2005 and continuing through or about November, 2005, by means of oral and written communication, Defendant ACORDIA made representations regarding employment and an offer of employment to SEDELL.  Also at about that time, and continuing throughout his employment, ACORDIA, through its agents Steve Rogers, Mark Freeman, and others, made further representations to SEDELL concerning his employment at ACORDIA.

21.     Defendants and their agents' representations to SEDELL concerned the kind, character, or existence of SEDELL's employment at ACORDIA and its conditions, the length of time such employment would last, and/or the compensation therefor.  Defendants made these representations to induce SEDELL to accept Defendants' offer of employment, to devote his best efforts exclusively to Defendants, to bring his book of accounts, including but not limited to Atmel Corporation (hereinafter referred to as the "ATMEL BUSINESS"), and to otherwise act in reliance upon Defendants' representations.

22.     Defendants made their representations as fact, and they included, but were not limited to, that SEDELL would be employed by ACORDIA as a Vice President/Producer, a position that would be conducive for SEDELL's rapid ability to develop high-tech business within the company, would purchase the ATMEL BUSINESS from SEDELL and would

6

service and support that business in order to retain the business of which SEDELL had

previously earned and would reasonably be expected to continue to earn significant

commissions and other fees, and that the job was a long-term position, one in which SEDELL

would reasonably be expected to maintain until his retirement.

23.     On or about November 23, 2005, ACORDIA made SEDELL an offer of

employment and in or about December, 2005, SEDELL accepted ACORDIA's offer of

employment to be Vice President/Producer.

24.     SEDELL is informed and believes, and thereby alleges that Defendants'

representations regarding the duration, terms and character of his employment were, in fact,

false, and Defendants knew them to be false and intended not to be bound by such

representations.  The true facts were that Defendants did not employ SEDELL in a long-term

position that was conducive to develop high-tech business within the company, but rather,

actively prevented SEDELL from working with the high-tech unit based in Redwood City,

California, did not adequately service and support the ATMEL BUSINESS which eventually

caused Atmel Corporation to sign a broker of record letter with another broker, and then was

wrongfully terminated by Defendants.

25.     In reliance on Defendants' representations as set forth *supra,* and in ignorance of

their falsity, SEDELL was induced, persuaded and/or influenced to:

        a.     Accept Defendants' offer of employment;

        b.     Sell the ATMEL BUSINESS to Defendants pursuant to a Buy-Sell

                Agreement dated December 1, 2005;

        c.     Devote his best efforts exclusively to Defendants;

d.    Perform all acts required of him as an employee except those which he was excused or prevented from performing;

e.    Refrain from seeking or accepting other employment and/or business opportunities; and

f.    Otherwise act in reliance on Defendants' representations in the manner herein alleged.

Had SEDELL known the actual facts, he would not have taken such actions.

26.    SEDELL's reliance on Defendants' representations was justified because Defendants and their agents appeared to be reputable and forthright and possess a good reputation in the community. In addition, ZUERCHER, WOOD, HETHERINGTON, JONES, STOKES and HENDRICKS were management employees of Defendants, and therefore appeared to have and had the knowledge and authority to make the representations set forth *supra*.

27.    As a proximate result of Defendants' fraud and deceit as alleged herein, SEDELL has suffered substantial loss and damages including, but not limited to, loss and damages seeking and performing substitute employment, and in income, future income, bonuses, medical benefits and other compensation, and earning capacity. The amount of said damages has not been fully ascertained, and is continuing. SEDELL prays leave to amend this Complaint to insert these elements of damage when the same have been fully ascertained.

28.    As a further direct and proximate result of the fraud and deceit and wrongful acts of Defendants alleged herein, SEDELL has suffered shock, anger, rage, grief, embarrassment, dismay, humiliation, and other serious mental and emotional distress, all to his

1  general damage in a sum which has not yet been fully ascertained, which will be shown

2  according to proof.

3      29.     By reason of the premises, SEDELL is entitled to double the damages alleged

4  herein a set forth in Section 972 of the Labor Code of the State of California.

5      30.     Defendants committed the acts alleged herein despicably, maliciously,

6

7  fraudulently and oppressively, with the wrongful intention of injuring SEDELL, from an

8  improper and evil motive amounting to malice, and in willful and conscious disregard of

9  SEDELL's rights, so as to justify an award of punitive and exemplary damages.

10                    **SECOND CAUSE OF ACTION**
                        **(Intentional Misrepresentation)**
11

12      31.     SEDELL incorporates by reference paragraphs 1 through 30, inclusive, of this

13  Complaint as if fully set forth herein.

14
        32.     Beginning in or about August, 2005 and continuing through or about November,
15

16  2005, and subsequently throughout his employment, Defendants, through their agents Steve

17  Rogers, Mark Freeman, ZUERCHER, WOOD, HETHERINGTON, JONES, STOKES,

18  HENDRICKS, and others, made oral and written representations to SEDELL, including an

19  offer of employment, and other representations to him concerning the terms and conditions of

20  his employment.

21
        33.     Defendants' representations included, but were not limited to, those
22

23  representations set forth above in paragraphs 20, 21 and 22 of the First Cause of Action of this

24  Complaint

25      34.     Defendants' representations were, in fact, false, and Defendants knew them to

26  be false and intended not to be bound by such representations.  The true facts, include, but are

27  not limited to, those set forth in paragraph 24 *supra*.

28

9

35.     Defendants, and each of them, made the foregoing representations as assertions of fact.  The representations were made to induce SEDELL to accept Defendants' offer of employment, to sell the ATMEL BUSINESS to Defendants, to devote his best efforts exclusively to Defendants, and to otherwise act in reliance on defendants' representations in the manner herein alleged.

36.     Each of Defendants' representations were material to SEDELL's decision to accept Defendants' offer of employment, to sell the ATMEL BUSINESS to Defendants, to devote his best efforts exclusively to Defendants and to otherwise act in reliance on their representations, and consistent with Defendants' expectations he would do so.

37.     At the time these representations were made by Defendants, and at the time SEDELL took the actions herein alleged, SEDELL was ignorant of the falsity of Defendants' representations and believed them to be true.

38.     SEDELL relied upon Defendants' representations, as set forth *supra* in this Complaint's First Cause of Action above.  In reliance on defendants' representations, SEDELL was induced to and did take actions, including, but not limited to, the following:

    a.     Accept Defendants' offer of employment;

    b.     Sell the ATMEL BUSINESS to Defendants pursuant to a Buy-Sell Agreement dated December 1, 2005;

    c.     Devote his best efforts exclusively to Defendants;

    d.     Perform all acts required of him as an employee except those which he was excused or prevented from performing;

    e.     Refrain from seeking or accepting other employment and/or business opportunities; and

f.      Otherwise act in reliance on Defendants' representations in the manner

herein alleged.

Had SEDELL known the actual facts, he would not have taken such actions.

39.     SEDELL's reliance on Defendants' representations was justified because

Defendants and their agents appeared to be reputable and forthright and possess a good

reputation in the community.  In addition, ZUERCHER, WOOD, HETHERINGTON, JONES,

and STOKES were management employees of Defendants, and therefore appeared to have and

had the knowledge and authority to make the representations set forth *supra*.

40.     As a proximate result of Defendants' fraud and deceit as alleged herein,

SEDELL has suffered substantial loss and damages including, but not limited to, seeking and

performing substitute employment, and in income, future income, bonuses, medical benefits

and other compensation, and earning capacity.  The amount of said damages has not been fully

ascertained, and is continuing.  SEDELL prays leave to amend this Complaint to insert these

elements of damage when the same have been fully ascertained.

41.     As a further direct and proximate result of the fraud and deceit and wrongful

acts of Defendants alleged herein, SEDELL has suffered shock, anger, rage, grief,

embarrassment, dismay, humiliation, and other serious mental and emotional distress, all to his

general damage in a sum which has not yet been fully ascertained, which will be shown

according to proof.

42.     Defendants committed the acts alleged herein despicably, maliciously,

fraudulently and oppressively, with the wrongful intention of injuring SEDELL, from an

improper and evil motive amounting to malice, and in willful and conscious disregard of

SEDELL's rights, so as to justify an award of punitive and exemplary damages.

11

## THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

43.     SEDELL incorporates by reference paragraphs 1 through 42, inclusive, of this

Complaint as if fully set forth herein.

44.     Defendants made representations to SEDELL including but not limited to those

set forth in paragraphs 20, 21, 22, and 33, and elsewhere in the first two causes of action *supra*.

The representations made by defendants were in fact false.  The true facts, include, but are not

limited to, those set forth in paragraphs 24 and 34 *supra*.

45.     Defendants made the representations set forth herein with no reasonable ground

for believing them to be true in that SEDELL is informed and believes, and thereby alleges,

that Defendants either did not have accurate or sufficient information, or did not have any

information concerning those matters set forth in paragraphs 20, 21, 22, and 33 and elsewhere

in the first two causes of action *supra*, and that Defendants were aware that without such

information they could not accurately make the representations herein alleged.  At the time of

the making of the representations, and at all times thereafter, Defendants concealed from

SEDELL their lack of information and consequent inability to make the alleged representations

accurately.

46.     Defendants made the representations set forth herein with the intent to induce

SEDELL to take the actions herein alleged.  In making such representations of fact, and in

suppressing and failing to disclose facts material to SEDELL's employment, Defendants

negligently misled SEDELL about the terms, conditions and duration of his employment.

1   Defendants knew or reasonably should have known that SEDELL would rely upon defendants'

2   representations and their failure to disclose facts material to his employment.

3       47.    SEDELL's reliance on Defendants' representations was justified because

4   Defendants and their agents appeared to be reputable and forthright and possess a good

5   reputation in the community. In addition, ZUERCHER, WOOD, HETHERINGTON, JONES,

6   and STOKES were management employees of Defendants, and therefore appeared to have and

7   

8   had the knowledge and authority to make the representations set forth *supra*.

9       48.    As a proximate result of Defendants' negligence as alleged herein, SEDELL has

10  suffered substantial loss and damages, including but not limited to loss and damages including,

11  but not limited to, seeking and performing substitute employment, and in income, future

12  income, bonuses, medical benefits and other compensation, and earning capacity. The amount

13  of said damages has not been fully ascertained, and is continuing. SEDELL prays leave to

14  amend this Complaint to insert these elements of damage when the same have been fully

15  ascertained.

16  

17                    **FOURTH CAUSE OF ACTION**
18                         **(Concealment)**

19      49.    SEDELL incorporates by reference paragraphs 1 through 49, inclusive, of this

20  Complaint as if fully set forth herein.

21      50.    At all times herein mentioned, Defendants made representations to SEDELL

22  

23  including but not limited to those set forth in paragraphs 20, 21, 22, 33 and 45, and elsewhere

24  in the first three causes of action *supra*. Defendants concealed and suppressed the true facts,

25  and Defendants intended not to perform the promises made to SEDELL. The failure by

26  Defendants to disclose the true facts and their true intentions was likely to mislead and did in

27  

28  

                                    13

1  fact mislead SEDELL in the light of the representations made by defendants, including, but not

2  limited to those set forth *supra* and incorporated herein by reference.

3      51.     Defendants were bound to disclose the true facts and their true intention by

4  virtue of the trust and confidence placed in them by SEDELL, by virtue of Defendants'

5  superior knowledge of the information conveyed to SEDELL, and upon hiring SEDELL, by

6  virtue of the confidential relationship formed between defendants and SEDELL, and by virtue

7  of the fiduciary duty owed by Defendants to SEDELL as SEDELL's employer.  Furthermore, if

8  any of Defendants' representations were true when originally made, they became false or

9  misleading as a result of a change of circumstances, and Defendants had a duty to disclose to

10  SEDELL the new conditions and any change in its intentions caused by the change in

11  circumstances.

12      52.     Defendants concealed and suppressed the true facts and their true intentions, to

13  induce SEDELL to accept Defendants' offer of employment, to sell the ATMEL BUSINESS to

14  Defendants, to devote his best efforts exclusively to Defendants, to perform all acts required of

15  him as an employee except those he was prevented or excused from performing, and to refrain

16  from accepting or seeking other employment and/or business opportunities, as alleged in the

17  first three Causes of Action *supra*, incorporate herein by reference.

18      53.     SEDELL, at all times herein mentioned, was ignorant of the falsity of

19  Defendants' representations and believed them to be true, and ignorant of Defendants'

20  suppression and concealment of the true facts and their true intentions.

21      54.     In reliance on Defendants' representations, SEDELL accepted Defendants' offer

22  of employment, gave his best efforts exclusively to Defendants, sold the ATMEL BUSINESS

23  to Defendants, performed all acts required of him as an employee of Defendants except those

14

1  which he was excused or prevented from performing, refrained from accepting or seeking other

2  employment and/or business opportunities, and otherwise acted in reliance upon Defendants'

3  representations as set forth in the first three Causes of Action *supra*.

4      55.    Had SEDELL known the actual facts, as set forth in paragraphs 24, 34, and 34

5  *supra*, he would not have taken such actions.

6      56.    SEDELL's reliance on Defendants' representations was justified because

7  Defendants and their agents appeared to be reputable and forthright and possess a good

8  reputation in the community.  In addition, ZUERCHER, WOOD, HETHERINGTON, JONES,

9  and STOKES were management employees of Defendants, and therefore appeared to have and

10  had the knowledge and authority to make the representations set forth *supra*.

11      57.    As a proximate result of Defendants' negligence as alleged herein, SEDELL has

12  suffered substantial loss and damages, including but not limited to loss and damages including,

13  but not limited to, seeking and performing substitute employment, and in income, future

14  income, bonuses, medical benefits and other compensation, and earning capacity.  The amount

15  of said damages has not been fully ascertained, and is continuing.  SEDELL prays leave to

16  amend this Complaint to insert these elements of damage when the same have been fully

17  ascertained.

18      58.    As a further direct and proximate result of the fraud and deceit and wrongful

19  acts of Defendants alleged herein, SEDELL has suffered shock, anger, rage, grief,

20  embarrassment, dismay, humiliation, and other serious mental and emotional distress, all to his

21  general damage in a sum which has not yet been fully ascertained, which will be shown

22  according to proof.

59.     Defendants committed the acts alleged herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring SEDELL, from an improper and evil motive amounting to malice, and in willful and conscious disregard of SEDELL's rights, so as to justify an award of punitive and exemplary damages.

### FIFTH CAUSE OF ACTION
**(Breach of Oral Contract - against Defendants WELLS FARGO, ACORDIA and DOES 1-100, inclusive)**

60.     SEDELL incorporates by reference paragraphs 1 through 59, inclusive, of this Complaint as if fully set forth herein.

61.     In or about November, 2005, SEDELL and Defendants ACORDIA and WELLS FARGO, through its agents, Steve Rogers and Mark Freeman, entered into an oral employment and buy-sell agreement.

62.     Under the terms of the agreement between the parties, Defendants ACORDIA and WELLS FARGO agreed to employ SEDELL in a significant, long term, full time position. ACORDIA and WELLS FARGO also agreed to the following terms:

    a.     That SEDELL would be employed by ACORDIA and WELLS FARGO as a Vice President/Producer with opportunity to be promoted throughout his employment;

    b.     That SEDELL would have secure, long-term employment for so long as he performed his duties in a satisfactory manner;

    c.     That SEDELL's supervisors would effectively address and remedy any of SEDELL's complaints, concerns or issues in a prompt, thorough and fair manner;

16

d.   That SEDELL would be judged fairly and reasonably based upon work

performance;

e.   That Defendants would ensure that all personnel actions, including but

not limited to, assignments, compensation, benefits, transfers, layoffs,

training, and disciplinary actions would be administered reasonably and

fairly pursuant to the employment agreement and Defendants'

progressive disciplinary policies, practices and procedures;

f.   If grievances were lodged regarding SEDELL's performance, he would

be given adequate notice and a meaningful opportunity to respond and

improve; and

g.   If grievances were lodged regarding SEDELL's performance,

Defendants would adhere to progressive disciplinary procedures,

implementing only appropriate disciplinary actions for alleged

violations, including, but not limited to, fair verbal warnings, fair written

warnings, adequate notice, and a fair and meaning opportunity to

respond and improve prior to termination.

63.   SEDELL has performed all conditions, covenants and promises required by him

on his part to be performed in accordance with the terms and conditions of the agreement

between the parties except for those conditions from which SEDELL has been excused or was

prevented from performing.

64.   Defendants, and each of them, breached the contract referred to herein by their

actions, including, but not limited to, the following:

a.   SEDELL was not employed by ACORDIA and WELLS FARGO as a Vice President/Producer with opportunity to be promoted throughout his employment;

b.   Defendants did not provide SEDELL with secure, long-term employment for so long as he performed his duties in a satisfactory manner, and wrongfully terminated him on or about November 2, 2009;

c.   SEDELL's supervisors did not address and remedy SEDELL's complaints, concerns or issues in a prompt, thorough and fair manner;

d.   SEDELL was not judged fairly and reasonably based on merit and work performance;

e.   Defendants did not ensure that all personnel actions, including but not limited to, assignments, compensation, benefits, transfers, layoffs, training, and disciplinary actions would be administered reasonably and fairly pursuant to the employment agreement and Defendants' progressive disciplinary policies, practices and procedures;

f.   SEDELL was not given adequate notice and a meaningful opportunity to respond and improve if a grievance or complaint was lodged regarding his performance; and

g.   Defendants did not adhere to progressive disciplinary procedures, implementing only appropriate disciplinary actions for alleged violations, including, but not limited to, fair verbal warnings, fair written warnings, adequate notice, and a fair and meaning opportunity to respond and improve prior to termination.

18

65.     As a direct and proximate result of the acts of Defendants and their breach of the contract, SEDELL has suffered and continues to suffer substantial loss and damages, including, but not limited to, loss of income and compensation, loss of salary, deferred compensation, loss of earnings and earning capacity, and consequential damages in a presently unascertained amount.  The amount of said damages has not been fully ascertained, and is continuing. SEDELL prays leave to amend this Complaint to insert these elements of damage when the same have been fully ascertained.

### SIXTH CAUSE OF ACTION
**(Breach of Implied Contract –**
**against  Defendants ACORDIA and WELLS FARGO and DOES 1-100, inclusive)**

66.     SEDELL incorporates by reference paragraphs 1 through 65, inclusive, of this Complaint as if fully set forth herein.

67.     SEDELL was hired by Defendants ACORDIA and WELLS FARGO in or about December, 2005, and worked continuously for ACORDIA and WELLS FARGO from an effective start date on or about December 1, 2005, until his wrongful termination on or about November 2, 2009.

68.     During the entire course of SEDELL's employment with Defendants, there existed an implied-in-fact employment contract between SEDELL and Defendants which included, but was not limited to, the following conditions:

      a.     SEDELL would be treated fairly, equitably , and impartially, and in compliance with the contract between the parties and ACORDIA's and WELLS FARGO's policies, practices and procedures;

      b.     Defendants would impose only valid, legitimate requirements for employment opportunities, job assignments, and benefits;

19

c.    Defendants would insure that all personnel actions, including but not limited to job assignments, compensation, benefits, transfers, layoffs and trainings would be administered fairly and pursuant to the employment agreement and ACORDIA's and WELLS FARGO's policies, practices and procedures;

d.    SEDELL would be able to continue his employment with Defendants indefinitely as long as he carried out his duties in a satisfactory manner;

e.    So long as SEDELL performed in a satisfactory manner, he would have secure and long term employment, and would not be denied transfer, denied promotion, denied training, demoted, discharged, or otherwise disciplined, nor would SEDELL's job functions be reassigned for other than good cause with proper notice being limited to those circumstances set forth in the employment contract between the parties, and Defendants' policies, practices, and procedures;

f.    Defendants would not evaluate SEDELL's performance or conduct in an arbitrary, untrue, or capricious manner;

g.    If grievances were lodged regarding SEDELL's performance, he would be given adequate notice and a meaningful opportunity to respond and improve;

h.    If grievances were lodged regarding SEDELL's performance, Defendants would adhere to progressive disciplinary procedures, implementing only appropriate disciplinary actions for alleged violations, including, but not limited to, fair verbal warnings, fair written

20

warnings, adequate notice, and a fair and meaning opportunity to

respond and improve prior to termination;

i.     Defendants would not take actions that prevented SEDELL from

performing his duties;

j.     Defendants would not take actions against SEDELL for his not

performing actions that he was excused from performing;

k.     If SEDELL were involuntarily terminated, Defendants would not

unreasonably, dishonestly, or arbitrarily attempt to prevent SEDELL

from receiving any compensation or benefits to which he was entitled;

and

l.     Those terms and conditions set forth in paragraphs 20, 21, and 22 *supra,*

incorporated by reference herein.

69.     This total employment agreement was evidence by the express oral employment

contract between the parties, oral and written representations and promises made by Defendants

to SEDELL, the entire course of dealing of the parties; the conduct of Defendants; oral

representations to SEDELL by Defendants' agents and employees; and the written and

unwritten policies, practices and procedures of Defendants, including, but not limited to, the

following:

a.     SEDELL is informed and believes, and thereby alleges, that some or all

of the terms and conditions referred to herein are embodied in

Defendants' personnel policies, procedures, and guidelines in existence

at the time SEDELL and Defendants entered into the employment

21

contract referred to herein, and Defendants' employee handbooks and manuals;

b.   There was an established policy within ACORDIA and WELLS FARGO that was conveyed to SEDELL and relied upon by SEDELL, that an employee such as SEDELL, who performed services as a good and faithful employee, would have secure employment tenure with Defendants; that an employee such as SEDELL would be permitted to continue employment unless discharged for good and sufficient cause and with proper notice; that an employee such as SEDELL, with a grievance or complaint against management would be provided a meaningful opportunity to be heard; and that such an employee could expect prompt and thorough investigation and substantial, effective corrective action to be taken by management to remedy the complaint or grievance.  SEDELL understood that an employee such as SEDELL would not be unfairly denied opportunities for promotion and advancement; that an employee such as SEDELL would not be denied transfer, denied promotion, demoted, discharged or disciplined without good and sufficient cause or proper notice, and a meaningful opportunity to improve, and would not otherwise have his job title or functions taken away or reassigned; and that if an employee such as SEDELL were involuntarily terminated, defendants would not unreasonably, arbitrarily or dishonestly attempt to prevent SEDELL from receiving any compensation or benefits to which he was entitled;

22

c.   The representations and promises made to SEDELL, as set forth in the first five Causes of Action in this Complaint, and relied upon by SEDELL; and

d.   The representations made to SEDELL during the entire course of his employment with Defendants that he was doing a satisfactory or better job, and the representations that SEDELL was a valuable employee who Defendants wanted to stay with them.  As a result of the above representations, SEDELL came reasonably to expect and rely on the promise of job security.  Such statements and acts by Defendants communicated to SEDELL the idea that he had performed his job satisfactorily and that his job was secure.  SEDELL in good faith relied upon these representations and acts and believed them to be true.

70.   SEDELL's reliance on, belief in, and acceptance in good faith of all the assurances, promises and representations, including, but not limited to, those set forth in the first five Causes of Action *supra*, was reasonable, and led SEDELL throughout his employment to believe that his employment was secure and that there existed thereby a contract of continuous employment with Defendants.  As independent consideration for the total employment contract entered into by the parties, and as evidence of SEDELL's reliance thereon, in addition to performing his regular duties as an employee of Defendants, SEDELL sold the ATMEL BUSINESS to Defendants, refrained from seeking or accepting other employment, gave up and/or refrained from pursuing other career or business opportunities, devoted his best efforts exclusively to Defendants, and performed all acts required of him as an employee except those that he was prevented or excused from performing.

23

71.   SEDELL undertook and continued employment with Defendants, and duly performed all of the conditions of the agreement to be performed by him, except those from which SEDELL has been excused or was prevented from performing,

72.   Despite the representations made to SEDELL by Defendants and the reliance he placed upon them, Defendants failed to carry out their responsibilities under the terms of the employment agreement by their actions, including, but not limited to, the following:

       a.   By treating SEDELL unfairly, inequitably, and arbitrarily, not in compliance with the contract between the parties, and not in compliance with ACORDIA's and WELLS FARGO's policies, practices and procedures;

       b.   By taking steps to prevent SEDELL from continuing his employment with WELLS FARGO, and by wrongfully terminating him without good cause and/or proper notice;

       c.   By failing to insure that all personnel actions, including, but not limited to, job assignments, compensation, benefits, transfers, layoffs and trainings, would be administered fairly and pursuant to ACORDIA's and WELLS FARGO's policies, practices and procedures;

       d.   By denying SEDELL employment with WELLS FARGO indefinitely for as long as he carried out his duties in a satisfactory manner;

       e.   By denying SEDELL secure long term employment and by terminating SEDELL for other than good cause, without proper notice as limited to those circumstances set forth in the employment agreement between the

parties, and ACORDIA's and WELLS FARGO's policies, practices and procedures;

    f.    By evaluating SEDELL's performance in an arbitrary, untrue or capricious manner;

    g.    By failing to provide SEDELL with adequate notice and a meaningful opportunity to respond to complaints and/or grievances against him, if there were any;

    h.    By failing to adhere to their established disciplinary procedures including, but not limited to, providing a fair hearing and invoking only appropriate disciplinary actions for alleged violations, if there were any, said appropriate disciplinary actions including fair verbal warnings and fair written warnings prior to termination;

    i.    By taking actions that prevented or hindered SEDELL from performing his job duties;

    j.    By unreasonably, dishonestly and arbitrarily attempting to prevent SEDELL from receiving benefits and compensation to which he was entitled, after involuntarily terminating SEDELL; and

    k.    By Defendants' acts set forth in paragraphs 20, 21, and 22, and elsewhere in the first five Causes of Action in this Complaint, incorporated by reference as if fully set forth herein.

73.    Defendants further breached the aforementioned total employment contract by the denial of secure employment and by violating public policy as set forth in the Seventh Cause of Action, *infra*, incorporated by reference as if fully set forth herein.

74.     As a direct and proximate result of the acts of Defendants, and their breach of the total employment agreement, SEDELL has suffered and continues to suffer damages, including, but not limited to, loss of income and compensation, salary, deferred compensation, loss of earnings and earning capacity, and consequential damages in an unascertained amount. SEDELL prays leave to amend this Complaint to insert these elements of damage when the same have been fully ascertained.

## SEVENTH CAUSE OF ACTION
### (Age Discrimination against Defendants ACORDIA and WELLS FARGO and DOES 1-100, inclusive)

75.     SEDELL incorporates by reference paragraphs 1 through 74, inclusive, of this Complaint as if fully set forth herein.

76.     Defendants' conduct, at all times herein mentioned, was in violation of applicable Federal Law under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA) of 1967, and California State law under the California Fair Employment and Housing Act (FEHA), in that the acts set forth in the first five causes of action *supra* constitute employment discrimination against SEDELL.

77.     SEDELL has exhausted all administrative remedies required by him under law and has received from the California Fair Employment and Housing Department a "Right to Sue" letter dated April 30, 2010 allowing him to proceed with this action.

78.     Defendant WELLS FARGO is an employer with 20 or more full-time or regular part-time employees for each working day, in each of 20 or more calendar weeks, in either the current or preceding calendar year.

79.     SEDELL is over 40 years of age and is therefore protected by Title VII, ADEA, and FEHA.

80.     SEDELL is informed and believes, and thereby alleges, that ACORDIA and WELLS FARGO employed, promoted, and otherwise treated more favorably other employees of a younger age, with less professional experience and expertise than SEDELL, to the detriment of SEDELL, for the sole benefit of Defendants.

81.     Defendants' conduct has created great difficulty for SEDELL in obtaining new employment since his involuntary termination by Defendant WELLS FARGO on or about November 2, 2009.

82.     As a direct and proximate result of the acts of Defendants and their breach of the contract, SEDELL has suffered and continues to suffer substantial loss and damages, including, but not limited to, loss of income and compensation, loss of salary, deferred compensation, loss of earnings and earning capacity, and consequential damages in a presently unascertained amount.  The amount of said damages has not been fully ascertained, and is continuing.  SEDELL prays leave to amend this Complaint to insert these elements of damage when the same have been fully ascertained.

83.     As a further direct and proximate result of the fraud and deceit and wrongful acts of Defendants alleged herein, SEDELL has suffered shock, anger, rage, grief, embarrassment, dismay, humiliation, and other serious mental and emotional distress, all to his general damage in a sum which has not yet been fully ascertained, which will be shown according to proof.

84.     Defendants committed the acts alleged herein despicably, maliciously, fraudulently and oppressively, with the wrongful intention of injuring SEDELL, from an improper and evil motive amounting to malice, and in willful and conscious disregard of SEDELL's rights, so as to justify an award of punitive and exemplary damages.

27

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1.  Monetary damages according to proof;

2.  Pre-judgment interest at the legal rate of interest;

3.  Punitive and exemplary damages;

4.  For reasonable attorney's fees;

5.  For costs of suit; and

6.  For such other and further relief as the court deems just and proper.

DATED:  June 1, 2010

By: _____

STEVEN D. ZAVODNICK
Attorney for Plaintiff
STEVEN H. SEDELL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

1515 CLAY STREET, SUITE 701, OAKLAND, CA 94612
(510) 622-2973
www.dfeh.ca.gov



April 30, 2010

SEDELL, STEVEN
P.O. BOX 33247
LOS GATOS, CA 95032

RE:   E200910A5489-00
      SEDELL/WELLS FARGO OF CALIFORNIA INSURANCE SERVICES, INC.

Dear SEDELL, STEVEN:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective April 30, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan Pederson
District Administrator

cc:   Case File

NEIL ATON
CHIEF EXECUTIVE OFFICER
WELLS FARGO INSURANCE SERVICES, INC.
45 FREMONT STREET, SUITE 800
SAN FRANCISCO, CA 94105

DFEH-200-43 (06/06)

## **VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF ALAMEDA:

I declare that I am the individual filing the attached Complaint against Wells Fargo of California Insurance Services, Inc., et al. I have read the foregoing and know their contents; and I declare that the matters stated in the foregoing documents are true of my own knowledge, except as to those matters which are stated on my information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _10_ day of June, 2010, at ___Milpitas___, California.

STEVEN H. SEDELL

1   Steven D. Zavodnick, Esq., (CA State Bar No. 135419)
    900 East Hamilton Avenue, Suite 100
2   Campbell, California 95008
    Mailing Address:
3   P.O. Box 33247
    Los Gatos, California 95031-3247
4   Telephone: (408) 399-3100
    Fax: (408) 384-5002
5
6   Attorney for Plaintiff
7   STEVEN H. SEDELL

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11

12  STEVEN H. SEDELL,  an individual,        )   Case No. CGC-10-500910
                                             )
13                Plaintiff                  )
                                             )   AMENDMENT TO COMPLAINT FOR
14  vs.                                      )   DAMAGES TO SUBSTITUTE TRUE
                                             )   NAME FOR DOE DEFENDANT
15                                           )
16  WELLS FARGO OF CALIFORNIA               )
    INSURANCE SERVICES, INC., a              )
17  California Corporation, ACORDIA OF       )
    CALIFORNIA INSURANCE SERVICES,           )
18  INC., a California Corporation, DAVID J. )
    ZUERCHER, an individual, H. DAVID        )
19  WOOD, an individual, BRIAN M.            )
    HETHERINGTON, an individual,             )
20  SAMUEL L. JONES III, an individual,      )
    MARK W. STOKES, an individual,           )
21  PAMELA HENDRICKS, an individual, and     )
22  DOES 1 THROUGH 100, inclusive,           )
                                             )
23                                           )
              Defendants.                    )
24                                           )
                                             )
25                                           )
                                             )
26                                           )
                                             )
27  _____ /

28

                              1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff, STEVEN H. SEDELL, being unaware of the true name of the defendant and having designated the defendant in the Complaint by the fictitious name of DOE 1 and having discovered the true name of the defendant to be WELLS FARGO INSURANCE SERVICES, USA, INC., a North Carolina Corporation, hereby amends the Complaint filed in this action by substituting the true name for the fictitious name wherever it appears in the Complaint.

DATED:   July 12, 2010

By: _____
STEVEN D. ZAVODNICK
Attorney for Plaintiff
STEVEN H. SEDELL

2

Short Title: Steven H. Sedell vs. Wells Fargo of California Insurance Services, Inc., et al

Court and Case Number: San Francisco County Superior Court Case No. CGC-10-500910

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in the County of Santa Clara, State of California; I am over the age of eighteen years and not a party to the within action; my address is 800 East Hamilton Avenue, Suite 100, Campbell, California 95008.

On July 21, 2010, I served the within documents:

**AMENDMENT TO COMPLAINT FOR DAMAGES TO SUBSTITUTE TRUE NAME FOR DOE DEFENDANT**

on the party in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail as follows:

Baldwin Lee, Esq.
Wells Fargo & Company
Law Department
45 Fremont Street, 27th Floor
San Francisco, California 94105

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on July 21, 2010, at Campbell, California.

STEVEN D. ZAVODNICK

3

CASE NUMBER: CGC-10-500910 STEVEN H. SEDELL VS. WELLS FARGO OF CALIFORNIA IN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **NOV-19-2010** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

# Alternative Dispute Resolution (ADR)
# Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 3.221(c))



**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

# Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy.  Attorneys are encouraged to share this guide with clients.  By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

    1)    Judicial Arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.


## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.  When the Court orders a case to arbitration it is called <u>judicial arbitration</u>.  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.  Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through <u>private arbitration</u>.  Here, the parties

voluntarily consent to arbitration.  If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision.  In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration.  A case is ordered to arbitration after the Case Management Conference.  An arbitrator is chosen from the Court's Arbitration Panel.  Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference.  Arbitrations are generally held between 7 and 9 months after a complaint has been filed.  Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision.  Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.


## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations.  The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case.  The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution.  Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

### *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties.  It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process.  Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by BASF pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $250 per party administration fee, parties select a specific mediator from the list of approved mediation providers or BASF will help them select an appropriate mediator for the matter.  The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at **www.sfbar.org/mediation** or you may call BASF at 415-982-1600.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program.  A preference for a specific judge may be indicated.  The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $100 per hour to $800 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $250 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If the Court assigns a matter to the ESP, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial.  The settlement conference is typically held 2 to 3 months prior to the trial date.  The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP.  All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference.  All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference.  If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco.  Parties who meet certain eligibility requirements may request a fee waiver.  For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO

400 McAllister Street, San Francisco, CA  94102-4514

| | |
|---|---|
| Plaintiff<br><br>v.<br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION**<br><br>DEPARTMENT  212 |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐   **Mediation Services of BASF**   ☐      **Judicial Mediation**
☐ **Binding arbitration**                                                                        Judge _____
☐ **Non-binding judicial arbitration**                                                Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____


_____        _____        _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant                          Dated: _____


_____        _____        _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant                          Dated: _____


_____        _____        _____
Name of Party Stipulating              Name of Party or Attorney Executing Stipulation      Signature of Party or Attorney

☐   Plaintiff   ☐   Defendant   ☐   Cross-defendant                          Dated: _____


☐   *Additional signature(s) attached*

ADR-2  05/10                          **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone,  by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐  This statement is submitted by party *(name)*:
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a.  Type of case in  ☐  complaint  ☐  cross-complaint  *(Describe, including causes of action)*:

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2009] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courtinfo.ca.gov |

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

`SE MANAGEMENT STATEMENT`

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

  e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

  f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

  g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

## 12. Insurance

  a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*

  b.    Reservation of rights:    ☐ Yes    ☐ No

  c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*

Status:

## 14. Related cases, consolidation, and coordination

  a.    ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

  b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

## 15. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

 **Superior Court of California**
County of San Francisco


HON. JAMES J. MCBRIDE
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Gail Dekreon
The Honorable Ernest H. Goldsmith
The Honorable Curtis Karnow
The Honorable Charlene P. Kiesselbach
The Honorable Tomar Mason
The Honorable Anne-Christine Massullo
The Honorable Ronald Quidachay

The Honorable A. James Robertson, II
The Honorable Jeffrey S. Ross
The Honorable John K. Stewart
The Honorable Richard Ulmer
The Honorable Monica F. Wiley
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file the Stipulation to Alternative Dispute Resolution form indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated on the form but assignment to a particular judge is not guaranteed. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

# EXHIBIT B

8/20✓

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN D. ZAVODNICK (CA State Bar No. 135419) 900 East Hamilton Avenue, Suite 100, Campbell, California 95008 TELEPHONE NO.: (408) 399-3100    FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* Plaintiff STEVEN H. SEDELL | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: STEVEN H. SEDELL

DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-10-500910 |
|---|---|

TO *(insert name of party being served):* WELLS FARGO INSURANCE SERVICES, USA, INC.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*

ADR Information Package

*(To be completed by recipient):*

Date this form is signed: 8/10/10

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>_ STEVEN D. ZAVODNICK (CA State Bar No. 135419) .<br>900 East Hamilton Avenue, Suite 100, Campbell, California 95008<br><br>  TELEPHONE NO.: (408) 399-3100        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* Plaintiff STEVEN H. SEDELL . | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McAllister Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco, California 94102-4514
  BRANCH NAME:

PLAINTIFF/PETITIONER: STEVEN H. SEDELL

DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-10-500910 |
|---|---|

TO *(Insert name of party being served):* H. DAVID WOOD

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
  (TYPE OR PRINT NAME)            ▶         (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
      ADR Information Package

*(To be completed by recipient):*

Date this form is signed:  8/10/10

  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        ▶    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ON WHOSE BEHALF THIS FORM IS SIGNED)                  ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN D. ZAVODNICK (CA State Bar No. 135419) 900 East Hamilton Avenue, Suite 100, Campbell, California 95008 TELEPHONE NO.: (408) 399-3100  FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* Plaintiff STEVEN H. SEDELL | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: STEVEN H. SEDELL

DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-10-500910 |
|---|---|

TO *(Insert name of party being served):* BRIAN M. HETHERINGTON

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
          (TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
       ADR Information Package

*(To be completed by recipient):*

Date this form is signed: 8/10/10

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1 Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN D. ZAVODNICK (CA State Bar No. 135419)<br>900 East Hamilton Avenue, Suite 100, Campbell, California 95008<br><br>TELEPHONE NO.: (408) 399-3100    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff STEVEN H. SEDELL | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: STEVEN H. SEDELL

DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CGC-10-500910 |
|---|---|

TO *(Insert name of party being served):* SAMUEL L. JONES III

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   ADR Information Package

*(To be completed by recipient):*

Date this form is signed: 8/10/10

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

**POS-015**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>STEVEN D. ZAVODNICK (CA State Bar No. 135419)<br>900 East Hamilton Avenue, Suite 100, Campbell, California 95008<br><br>TELEPHONE NO.: (408) 399-3100   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff STEVEN H. SEDELL | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, California 94102-4514
BRANCH NAME:

PLAINTIFF/PETITIONER: STEVEN H. SEDELL

DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-10-500910 |
|---|---|

TO *(insert name of party being served)*: MARK W. STOKES

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
(TYPE OR PRINT NAME)   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify)*:
   ADR Information Package

*(To be completed by recipient)*:

Date this form is signed: 8/10/10

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| STEVEN D. ZAVODNICK (CA State Bar No. 135419) | |
| 900 East Hamilton Avenue, Suite 100, Campbell, California 95008 | |
| TELEPHONE NO.: (408) 399-3100          FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: Plaintiff STEVEN H. SEDELL | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, California 94102-4514 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: STEVEN H. SEDELL |
|---|
| DEFENDANT/RESPONDENT: WELLS FARGO OF CALIFORNIA INS, et al |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: CGC-10-500910 |
|---|---|

TO *(Insert name of party being served):* PAMELA HENDRICKS

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: July 21, 2010

STEVEN D. ZAVODNICK
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   ADR Information Package

*(To be completed by recipient):*

Date this form is signed: 8/10/10

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT C

1   ALLEN MATKINS LECK GAMBLE
        MALLORY & NATSIS LLP
2   BALDWIN J. LEE (BAR NO. 187413)
    ANNETTE M. RITTMULLER (BAR NO. 211882)
3   Three Embarcadero Center, 12th Floor
    San Francisco, CA  94111-4074
4   Phone: (415) 837-1515
    Fax: (415) 837-1516
5   E-Mail: blee@allenmatkins.com
             arittmuller@allenmatkins.com
6
    Attorneys for Defendants
7   WELLS FARGO INSURANCE SERVICES USA, INC.,
    H. DAVID WOOD, BRIAN M. HETHERINGTON,
8   SAMUEL L. JONES III, MARK W. STOKES, and
    PAMELA HENDRICKS
9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF SAN FRANCISCO

11

12  STEVEN H. SEDELL,                          Case No. CGC 10-500910

13              Plaintiff,                      NOTICE TO SUPERIOR COURT AND
                                                ADVERSE PARTY OF REMOVAL TO
14         vs.                                  FEDERAL COURT

15  WELLS FARGO OF CALIFORNIA                   Complaint Filed:    June 22, 2010
    INSURANCE SERVICES, INC., a California
16  Corporation, ACORDIA OF CALIFORNIA
    INSURANCE SERVICES, INC., a California
17  Corporation, DAVID J. ZUERCHER, an
    individual, H. DAVID WOOD, an individual,
18  BRIAN M. HETHERINGTON, an individual,
    SAMUEL L. JONES III, an individual, MARK
19  W. STOKES, an individual, PAMELA
    HENDRICKS, an individual, and DOES 1-100,
20  inclusive,

21              Defendants.

22
            TO THE COURT AND TO PLAINTIFF STEVEN H. SEDELL AND HIS ATTORNEYS
23
    OF RECORD:
24
            PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the
25
    United States District Court for the Northern District of California on September 9, 2010.
26
    Attached is a copy of the Notice of Removal, the filing of which effects the removal of this action
27
    to the United States District Court.
28

LAW OFFICES
Allen Matkins Leck Gamble
    Mallory & Natsis LLP

792612.01/SF        NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO
                                       SUPERIOR COURT

1    Dated:  September 9, 2010

2                                                      ALLEN MATKINS LECK GAMBLE
                                                       MALLORY & NATSIS LLP
3                                                      By: _____
4                                                      BALDWIN J. LEE
                                                       Attorneys for Defendants WELLS FARGO
5                                                      INSURANCE SERVICES USA, INC., H.
                                                       DAVID WOOD, BRIAN M.
6                                                      HETHERINGTON, SAMUEL L. JONES
                                                       III, MARK W. STOKES, and PAMELA
7                                                      HENDRICKS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Ilen Matkins Leck Gamble
Mallory & Natsis LLP

792612.01/SF

-2-
NOTICE TO SUPERIOR COURT AND ADVERSE PARTY OF REMOVAL TO
SUPERIOR COURT