UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN H. SEDELL,<br><br>    Plaintiff,<br><br>    vs.<br><br>WELLS FARGO OF CALIFORNIA INSURANCE SERVICES, INC., a California Corporation, ACORDIA OF CALIFORNIA INSURANCE SERVICES, INC., a California Corporation, DAVID J. ZUERCHER, an individual, H. DAVID WOOD, an individual, BRIAN M. HETHERINGTON, an individual, SAMUEL L. JONES III, an individual, MARK W. STOKES, an individual, PAMELA HENDRICKS, an individual, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No: C 10-4043 SBA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**<br><br>Docket 64 |

   On June 22, 2010, Steven H. Sedell ("Plaintiff") commenced the instant action against Defendants alleging seven claims for relief arising out of his termination from Wells Fargo Insurance Services, USA, Inc. ("Wells Fargo") in November 2009. See Compl., Dkt. 1. On July 23, 2013, the Court granted summary judgment in favor of Defendants Wells Fargo, Brian M. Hetherington ("Hetherington"), H. David Wood, Samuel L. Jones III, Mark W. Stokes, and Pamela Hendricks (collectively, "Defendants"). Dkt. 60. On that same day, the Court entered final judgment in favor of Defendants. Dkt. 61.

   The parties are presently before the Court on Plaintiff's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. 64. Wells Fargo opposes the motion. Dkt. 66. Hetherington filed a joinder to Wells Fargo's opposition.

Dkt. 67. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES Plaintiff's motion for relief from judgment, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.  LEGAL STANDARD

Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides that:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court." Casey v. Albertson's Inc., 362 F.3d 1254, 1257 (9th Cir. 2004).

## II.  DISCUSSION[1]

Plaintiff moves for relief from judgment as to Wells Fargo and Hetherington under Rule 60(b) on the following grounds: (1) newly discovered evidence; (2) fraud in the form of concealment; and (3) "any other reason justifying relief that the court deems just and proper." Pl.'s Mot. at 4.

///
///

---

[1] The parties are familiar with the facts of this case, which are set forth in detail in the Court's summary judgment order and will not be repeated here.

**A.     Timeliness**

Before turning to the merits of Plaintiff's motion for relief from judgment, the Court must determine whether the motion is timely. Wells Fargo contends that Plaintiff's motion should be denied because it was not filed within a "reasonable time" after entry of final judgment in favor of Defendants.

Rule 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." "A Rule 60(b)(1) motion filed within the one-year limitation [period], however, may still be barred under the reasonable-time limitation, depending on relevant circumstances." See Woodfin Suite Hotels, LLC v. City of Emeryville, 2008 WL 724105, at *6 (N.D. Cal. 2008) (Armstrong, J.). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir. 1981). Where the time to appeal has passed, "the interest in finality must be given great weight" in determining whether a Rule 60(b) motion was filed within a "reasonable time." Id.

Here, Plaintiff filed the instant motion for relief from judgment 361 days after final judgment was entered in favor of Defendants, long after the time to appeal had passed. According to Plaintiff, his motion is timely because it was filed within one year after final judgment was entered, and because he could not have brought it any earlier given that "new facts" were only discovered "in late May to early June" 2013. See Pl.'s Mot. at 5; Pl.'s Reply at 2. In support of his position, Plaintiff relies exclusively on the declaration of his counsel, Steven Zavodnick ("Zavodnick"), which was submitted for the first time with his reply brief. See Zavodnick Decl., Dkt. 69-1. Ordinarily, the Court does not consider new evidence presented in a reply brief. See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n. 3 (9th Cir. 1993); Whittlestone, Inc. v. Handi-Craft Co., 2012 WL 3939629, at *8 (N.D. Cal.

1  2012) (Armstrong, J.).  However, because neither Wells Fargo nor Hetherington objects to
2  this evidence, the Court will consider it.
3      In his declaration, Zavodnick avers that, in the course of representing an insurance
4  executive formerly employed by ABD Insurance Services, Inc. ("ABD"),[2] he discovered
5  that Hetherington is now the CEO of a "reformulated" ABD which "exists in several
6  legal forms within and without [Wells Fargo]," and that there is pending litigation between
7  Wells Fargo and ABD and Hetherington.  See Zavodnick Decl. ¶¶ 2-5, 7.  Zavodnick
8  further avers that "[s]ince the predication of [Plaintiff's] wrongful termination case against
9  [Wells Fargo] was essentially that []he was wrongfully terminated by [Wells Fargo]
10 actually not for anything he did or didn't do at [Wells Fargo], but rather was rooted and
11 based on his prior employment with ABD[,] which resulted in [his] constructive
12 termination, these new facts . . . give rise to th[e] instant motion."  Id. ¶ 8.  According to
13 Zavodnick, it took him "60 days since discovering the separate existence of ABD and
14 Hetherington's involvement with [ABD] to investigate and research the facts necessary to
15 prepare th[e] . . . [instant] motion."  Id. ¶ 9.  Plaintiff contends that the "new evidence" he
16 discovered in the lawsuit brought by Wells Fargo against ABD in 2012 "strongly suggests
17 that ABD and Wells Fargo were, for all [intents and] purposes, commingled, allowing
18 information and personal agendas against [Plaintiff] from his employment at ABD to carry
19 over to Wells Fargo."  Pl.'s Mot. at 11.
20     The Court finds that Plaintiff's motion for relief from judgment is unreasonably late
21 under the Ashford factors.  As for the interest in finality, this factor strongly supports
22 denying Plaintiff's motion because it was filed nearly one-year after final judgment was
23 entered in favor of Defendants, long after the time to appeal expired.  Further, Plaintiff has

---

[2] It is undisputed that Plaintiff was involuntarily terminated from ABD prior to joining Wells Fargo in 2005, and that Wells Fargo acquired ABD in 2007.  Plaintiff claims that "very soon" after Wells Fargo acquired ABD, and the former ABD executives (including Hetherington) "merged" into Wells Fargo management, "problems arose virtually identical to the problems that existed . . . at ABD" that led to his termination from ABD.  Pl.'s Mot. at 6.  According to Plaintiff, Hetherington and others from ABD undermined his ability to work at ABD and Wells Fargo, which resulted in his termination from ABD in 2005 and his termination from Wells Fargo in 2009.  Id. at 8.

failed to demonstrate that he did not have the practical ability to learn of the "new evidence" giving rise to the instant motion sooner or that he filed his motion within a reasonable time.  Plaintiff has not provided a persuasive explanation for why he could not with reasonable diligence have discovered evidence showing that ABD and Wells Fargo were "commingled" during the fact discovery period.  Moreover, even assuming that Plaintiff could not have discovered the "new evidence" he relies on earlier, he has failed to justify why he waited 60 days from the discovery of such evidence to seek relief from judgment.  Plaintiff did not provide any details of his "investigation" following the discovery of the "new evidence" or provide a satisfactory explanation for why it took 60 days to prepare the instant motion.  Consequently, the reason for delay factor supports denying Plaintiff's motion.  Finally, because the underlying events that form the basis of this action occurred within the time period from September 2005 to November 2009, and because Plaintiff seeks to set aside a judgment on the merits that was entered following over two years of litigation, the prejudice that Wells Fargo and Hetherington would suffer if this action is reopened strongly supports denying Plaintiff's motion.  Accordingly, because Plaintiff's nearly year-long delay in bringing the instant motion is unreasonable under the Ashford factors, Plaintiff's motion for relief from judgment is DENIED.

**B.     Rule 60(b) Factors**

Even if the Court were to conclude that Plaintiff's motion was timely filed, it fails on the merits.  Plaintiff has not demonstrated that relief from judgment is warranted on the ground of newly discovered evidence, fraud, or "any other reason" under Rule 60(b)'s catch-all provision.  Plaintiff's arguments in support of relief from judgment are addressed in turn below.

**1.     Rule 60(b)(2)**

Plaintiff contends that relief from judgment is warranted based on newly discovered evidence.  See Pl.'s Mot. at 7-15.  The "new evidence" Plaintiff relies on are facts set forth in a trademark infringement case entitled Wells Fargo & Co. v. ABD Ins. & Fin. Servs., C 12-3856 PJH.  Pl.'s Mot. at 11.  Plaintiff argues that the facts alleged in this case support

his claim that "ABD and Wells Fargo were, for all [intents and] purposes, commingled," and that such commingling is what ultimately led to his termination from Wells Fargo.  Id. According to Plaintiff, the "commingling" of ABD and Wells Fargo allowed "information and personal agendas against [him] from his prior employment at ABD to carry over to Wells Fargo," id., and that confidential ABD personnel files involving Plaintiff were . . . used by Wells Fargo executives in making employment decisions regarding him.  Pl.'s Reply at 4.

Under Rule 60(b)(2), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). . . ."  "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.' "  Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003).

The Court finds that Plaintiff has failed to demonstrate that the requirements of Rule 60(b)(2) have been satisfied.  Plaintiff has not adduced any "newly discovered evidence" that is of "such a magnitude" that production of it earlier would have likely changed the outcome of the Court's summary judgment order.  Plaintiff's showing is inadequate to justify relief from judgment based on newly discovered evidence.  Plaintiff did not provide the Court with a copy of the complaint in the trademark infringement case or offer any evidence in support of the instant motion other than the declaration of his counsel.  Further, Plaintiff has not demonstrated that the "evidence" he relies on in fact constitutes "newly discovered evidence" that would have likely defeated summary judgment by creating a genuine issue of material fact for trial.  Indeed, Plaintiff has not cited any "newly discovered evidence" that calls into question the validity of the final judgment entered in

1   favor of Defendants.  Accordingly, Plaintiff's motion for relief from judgment under Rule
2   60(b)(2) is DENIED.

### 2. Rule 60(b)(3)

Plaintiff contends that relief from judgment is warranted because Wells Fargo and Hetherington engaged in fraud in the form of concealment.  See Pl.'s Mot. at 15-18.  Specifically, Plaintiff argues that Wells Fargo and Hetherington committed "fraud and concealment" by hiding facts concerning Hetherington's departure from Wells Fargo to head the "new" ABD in January 2012, the interrelationship between Wells Fargo and ABD, and the "commingling and ultimate breakaway of ABD from Wells Fargo" in 2012.  See id.

Under Rule 60(b)(3), the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ."  "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."  Casey, 362 F.3d at 1260 (quotation marks omitted).  Rule 60(b)(3) requires that the fraud not be discoverable by due diligence before or during the proceedings.  Id.

The Court finds that Plaintiff has failed to demonstrate that the requirements of Rule 60(b)(3) have been satisfied.  Plaintiff has not adduced any evidence demonstrating that the judgment was obtained by Defendants through fraud, misrepresentation, or other misconduct which prevented him from fully and fairly presenting his defense to the motion for summary judgment.  Plaintiff's showing falls far short of proving by clear and convincing evidence that relief from judgment is warranted.  The only evidence offered by Plaintiff in support of the instant motion is a declaration from his attorney.  Plaintiff has not presented competent evidence or authority demonstrating that Wells Fargo and/or Hetherington committed fraud or concealed any material facts that they were required to disclose, let alone shown that Wells Fargo and/or Hetherington engaged in conduct that

prevented him from fully and fairly opposing Defendants' motion for summary judgment. Accordingly, Plaintiff's motion for relief from judgment under Rule 60(b)(3) is DENIED.

### 3. Rule 60(b)(6)

Plaintiff contends that relief from judgment is warranted under Rule 60(b)'s so-called catch-all provision "considering the new evidence presented in []his motion, . . . the active concealment by Defendants and their counsel of this new evidence and the termination of . . . Hetherington's employment with Wells Fargo in the middle of this litigation, and . . . the catastrophic consequences [of Plaintiff's termination] . . . when he is too old to find replacement employment in the only business he knows. . . ." See Pl.'s Mot. at 18-24.

Rule 60(b)(6) only applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60(b). Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168, n. 8 (9th Cir. 2002). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks omitted). The moving party must demonstrate "both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Id. (quotation marks omitted).

The Court finds that Plaintiff has failed to demonstrate that the requirements of Rule 60(b)(6) have been satisfied. As an initial matter, Rule 60(b)(6) is inapplicable to Plaintiff's arguments regarding newly discovered evidence or fraud. A motion under Rule 60(b)(6) must be based on grounds other than those listed in the preceding clauses. See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) ("Clause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.' "). To the extent that Plaintiff moves for relief from judgment under Rule 60(b)(6) on grounds other than newly discovered evidence and fraud, his motion fails

because he has not identified any "extraordinary circumstances" justifying relief.

Accordingly, Plaintiff's request for relief from judgment under Rule 60(b)(6) is DENIED.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for relief from judgment is DENIED.

2. This Order terminates Docket 64.

IT IS SO ORDERED.

Dated: 3/19/2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge